IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**AERRIONE GREEN** **PLAINTIFF**

v. CIVIL ACTION NO.: 3:25-cv-749-HTW-LGI

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER** **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Aerrione Green, by and through counsel, Watson & Norris, PLLC, brings this action to recover damages of violations of her rights pursuant to the Rehabilitation Act of 1973 for disability discrimination, against the Defendant, University of Mississippi Medical Center. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1. Plaintiff, Aerrione Green, is a female resident of Hinds County, Mississippi.

2. Defendant, University of Mississippi Medical Center, may be served with process by serving William C. Smith, General Counsel, 2500 North State Street, Jackson, Mississippi 39216.

**JURISDICTION AND VENUE**

3. This Court has federal question jurisdiction pursuant to the Rehabilitation Act of 1973.

4. This Court also has personal and subject matter jurisdiction over the Defendant and venue is proper in this court.

**STATEMENT OF FACTS**

5. Plaintiff, a 40-year-old resident of Hinds County, Mississippi, was employed

1

as a Research Manager at the University of Mississippi Medical Center (UMMC) starting September 11, 2023.

6. On August 9, 2024, while attending a work-related conference in Tunica, Mississippi, Plaintiff became ill and sought medical treatment the following day.

7. Plaintiff was advised to take time off work and was later diagnosed with anxiety and panic attacks by her primary physician, who recommended a medical leave of absence from August 14, 2024, to September 14, 2024.

8. Plaintiff submitted the necessary documentation to UMMC's HR department, but her request for leave under the Family and Medical Leave Act (FMLA) was denied on August 20, 2024, as she did not meet the minimum service time requirement.

9. On August 23, 2024, Plaintiff was diagnosed with COVID-19. Despite her medical condition, UMMC required her to return to work by August 28, 2024, and terminated her employment effective that day when she did not return.

10. Following her termination, Plaintiff filed for unemployment benefits, which were approved, and UMMC did not contest her eligibility.

11. On October 15, 2024, Plaintiff filed a charge of disability discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that UMMC failed to accommodate her disability and did not engage in the interactive process required under the Americans with Disabilities Act (ADA).

12. UMMC submitted a position statement denying the allegations, asserting that Plaintiff's leave request cannot be considered a request for reasonable

accommodations for a disability.[1]

13. Plaintiff contends that her documentation clearly identified her disability and the need for accommodation, and that UMMC failed to address her request appropriately.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF THE REHABILITATION ACT – DISABILITY DISCRIMINATION

14. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 13 above as if fully incorporated herein.

15. Defendant is subject to the Rehabilitation Act as it receives federal funds through grants and/or services its bills to Medicare.

16. Defendant has failed to reasonably accommodate Plaintiff's disability based on the facts identified above which constitutes a violation of the Rehabilitation Act, as amended.

17. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, anxiety and emotional distress.

18. The unlawful actions of Defendant complaint of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon

---

[1] Plaintiff acknowledges there is a split in the circuits on this issue where the 1st and 5th Circuit have found requests for FMLA leave cannot be considered requests for reasonable accommodations for a disability, and the 3rd and 6th Circuits have found FMLA leave requests can be considered requests for reasonable accommodations for a disability. *Acker v. GM, LLC*, 853, F.3d 784, 791-2 (5th Cir. 2017); *Navarro v. Pfizer Corp.*, 261 F.3d 90, 101 (1st Cir. 2001); *King v. Stweard Trumbull Mem. Hosp.*, 30 F.4th 551, 563-66 (6th Cir. 2022); *Capps v. Mondelez Global, LLC,* 847 F.3d 144, 156-7 (3rd Cir. 2017).

hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages;
2. Reinstatement or future wages in lieu of reinstatement;
3. Compensatory damages;
4. Attorney's fees;
5. Lost benefits;
6. Pre-judgment and post-judgment interest;
7. Costs and expenses; and
8. Such further relief as is deemed just and proper.

THIS the 3rd day of October 2025.

                Respectfully submitted,

                Aerrione Green, Plaintiff

              By: /s/Nick Norris
                   Nick Norris (MB# 101574)
                   Attorney for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
272 Calhoun Station Parkway
Suite C #13
Gluckstadt, MS 39110
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: nick@watsonnorris.com